IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS CLINTON,

    Plaintiff,

v.                                        CASE NO. 5:17-cv-286-MCR-GRJ

C COPELAND, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate presently confined at FCI Marianna, initiated this case by filing a civil rights complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff did not pay the civil filing fee nor has he been granted leave to proceed as a pauper.[1] Plaintiff's complaint, (ECF No. 1), is before the Court for screening pursuant to 28 U.S.C. § 1915A. The complaint stems from Plaintiff's

---

[1] Although Plaintiff filed a motion to proceed in forma pauperis, his motion was not filed on the proper form and therefore lacked the requisite affidavit of financial status and prisoner consent form and financial certificate. Plaintiff also failed to attach a printout of all transactions in his prison account for the preceding six months. The Court explained to Plaintiff that this information is necessary before the Court may review his motion for leave to proceed as a pauper. (ECF No. 4.) In response to the Court's order dated December 13, 2017, Plaintiff filed copies of what appear to be canteen sales receipts. (ECF No. 5.) These receipts, however, do not show credits to his inmate account for the preceding six months. Nevertheless, Plaintiff failed to file an amended motion on the proper form, including the requisite affidavit of financial status and prisoner consent form and financial certificate.

lumbar spine condition, which requires him to be housed in a two-man cell. Plaintiff claims Defendants have failed to honor his medical pass for a two-man cell.

Plaintiff executed the complaint under penalty of perjury. (ECF No. 1 at 8.) The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." (*Id.* at 4–5.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*Id.* at 4.) In response to these questions, Plaintiff affirmatively represented that he had filed *no* prior state or federal cases. (*Id.* at 4–5.)

A review of the Court's PACER Case Locator reflects that, contrary to his sworn representations in the complaint, Plaintiff filed at least three prior federal civil cases that he failed to disclose: (1) *Clinton v. Keller*, No. 1:12-cv-641-WSD, ECF Nos. 3-4 (N.D. Ga. May 31, 2012) (dismissing Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2241 because his claims were moot and he nonetheless failed to state a claim for denial of due process); (2) *Clinton v. United States*, No. 9:16-cv-81020-RLR, ECF No. 7 (S.D. Fla. Sept. 30, 2016) (transferring Plaintiff's motion to vacate under 28 U.S.C. § 2255 to the Eleventh Circuit so he may proceed with a request for authorization to file a successive § 2255 motion to vacate); and (3) *Clinton v. United States*, No. 9:01-cv-8434-KLR, ECF No. 22 (S.D. Fla. Apr. 3, 2002) (denying Plaintiff's motion to vacate under 28 U.S.C. § 2255). PACER also reflects that Plaintiff has filed multiple appeals and petitions to the United States Court of Appeals for the Eleventh Circuit, which he also failed to disclose. The Court confirmed that the plaintiff/petitioner in these cases is the same as the plaintiff in this case, having been identified by his BOP inmate number (53449-004).

In the absence of any basis for excusing a plaintiff's lack of candor,

failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

"three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. (ECF No. 4.) Plaintiff

responded, representing that he "inadvertently" failed to disclose his prior cases because he did not clearly understand the nature of the proceedings. (ECF No. 5 at 1.) Thus, he had to get assistance from a "jail house lawyer," who also did not understand the proceedings. (*Id.*) As discussed, however, misunderstanding the form does not excuse Plaintiff's misrepresentation, particularly in light of the clear instructions on the form. *See Redmon*, 2011 WL 576601, at *4. Further, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C.

§ 1915A(b).

**IN CHAMBERS** this 11th day of January 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.